## THE UNITED STATES OF AMERICA *vs.* MAU SING.

### July 12, 1909.

*Perjury:* Ground of demurrer that "indictment does not aver that the court was acting in an official or judicial capacity," considered.

*Same:* Ground of demurrer that the "indictment is ambiguous," considered.

*Same—Averment as to the administration of the oath:* An averment of an indictment for perjury, setting forth the court or officer before whom the oath under which the alleged false statement charged as constituting perjury, was taken, and that such court or officer had competent authority to administer the same, without stating whether the oath was administered by such court or officer directly or through an interpreter, is sufficient.

*Same—Material information:* Under an averment of an indictment for perjury, stating that under an investigation of the grand jury of an alleged violation of the laws of the United States, it was a material inquiry whether certain knives of foreign manufacture had been obtained from a party who had paid the duties due thereon or from a party who had not paid the duties due thereon, or whether or not they had been

smuggled into the country, an averment that a witness falsely stated under oath in such investigation that he did not know whether or not the said knives had been smuggled, that he had found them, and that he had obtained them from a man at one of the wharves in Honolulu, whose name was to him unknown, all of which he knew was false, avers matter material and pertinent to the investigation then being conducted by the grand jury.

*Criminal Law*:   Demurrer to indictment.

*C. K. Quinn,* for the demurrer.
*Wm. T. Rawlins,* Assistant U. S. District Attorney, contra.

DOLE, J.   The defendant was indicted for perjury and has demurred to the indictment, the first ground of demurrer being, " That the said indictment does not aver that the court was acting in an official or judicial capacity."

The allegation of the indictment that a grand jury "was duly and regularly empaneled, sworn and charged by the said district court," referring to the District Court of the District of Hawaii, is a sufficient averment that "the court was acting in an official and judicial capacity."

The second ground of demurrer, " That the said indictment does not aver that the grand jury was competent to act in this investigation," was abandoned by counsel.

The third ground of the demurrer is, " That the said indictment is ambiguous."   There is, indeed, an averment on the last page of the indictment which does not appear to correspond to anything else in the document.   This is as follows: *"and, whereas,* in truth and in fact the said Mau Sing knew full well the place from which he had secured and obtained possession of the said certain knives of foreign manufacture."   No averment appears in the indictment that he did not know the place where he had found the said knives, or the place from which he had obtained possession of them, but, on the contrary, he is charged with swearing that he "had found them," and also that he "had obtained possession of them from a man on one of the wharves in Honolulu.'"   This averment appears to be defective, but it does not militate against the indictment as a whole

and may be regarded as surplusage. There is nothing else in the indictment which appears to be open to the charge of ambiguity.

The fourth ground is, " That the said indictment does not aver whether the oath was administered to the defendant in person, or through an interpreter or in either way," meaning, as I understand the sentence, that there is no averment whether the oath was administered to the defendant by the foreman of the grand jury directly or through an interpreter.

The following provision of law is to be found in section 5396 of the Revised Statutes of the United States:

" * * * it shall be sufficient to set forth * * * by what court and before whom the oath was taken, averring such court or person to have competent authority to administer the same, * * * without setting forth the commission or authority of the court or person before whom the perjury was committed."

Under this authority, the averments as regards the administering of the oath appear to be sufficient. Moreover, the claim of misapprehension of the fact that an oath was being administered, if such claim is to be made, whether the oath was administered directly or through an interpreter is a matter of defense and is equally available in either case.

The fifth ground of demurrer is as follows: " That none of the facts to which defendant is alleged to have testified were material or pertinent to, or affected or might affect, the said matter in question; but, on the contrary, that all of said facts were immaterial, irrelevant and insignificant facts which would in no way tend to establish the truth or untruth of whether the foreign knives were smuggled or not."

Certainly if the defendant knew that the said knives were not smuggled into the country, that was pertinent information on the question before the grand jury which was whether the said knives had or had not been smuggled, and his alleged statement on oath that he did not know whether or not the knives were smuggled, when he did know that they were not

smuggled, would constitute perjury. Moreover, it was material to the grand jury in its investigation, whether certain knives of foreign manufacture had been smuggled or not, to know where the defendant obtained the knives in question and his alleged false statement on oath that he found them and his alleged false statement on oath that he obtained them from a man on one of the wharves in Honolulu whose name was unknown to him, was pertinent to the investigation conducted by the grand jury and would tend to defeat their efforts to obtain the truth on the matter under investigation.

Upon these considerations, the demurrer is overruled.